KATHERINE FERBER, RESPONDENT, v. PASQUALE CONA, APPELLANT.

Submitted December 10, 1917—Decided January 31, 1918.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This action was brought in the District Court for the first judicial district of the county of Hudson to recover damages for non-performance of a written contract.

"By the terms of this contract it appears that the defendant by deed bearing date the same date as the contract, conveyed to the plaintiff a tract of land in consideration of the payment of $13,800, that for such consideration, in addition to the premises conveyed, the defendant agreed 'to erect for the said party of the second part on or before the first day of April next on the rear of the above described premises, a one-story brick or stucco garage, to be twelve feet wide by eighteen feet deep and to be at least ten feet in height in the clear, and to have a window on each of the north, south and west ends, and to have a suitable double door and entrance on the east side. The floor to be cement. The sidewalk is to be properly graded before the entrance. The roof of said building is to hereafter be agreed upon between the parties hereto. It is mutually understood and agreed that said building shall be erected subject to the approval of the party of the second part.'

"The defendant never erected any building in execution of this contract and the plaintiff brought this suit to recover for the breach. At the trial counsel for each side waived the calling of witnesses to prove the cost of erection of the garage in question, and agreed that if an expert was called as a witness on behalf of the plaintiff his testimony would be: 'That a stucco garage of the dimensions in the contract in evidence marked P-1, with a tin roof, would cost $500, and if an expert were brought and testified in behalf of the defendant, he would testify that such a garage would cost $290.75, and it is consented that this stipulation be treated the same as if their testimony were taken in the course of the trial.'

"There was proof that after the making of this contract the parties agreed that the roof of the building should be constructed of tin. The trial court found for the plaintiff and awarded her $500, from which judgment the defendant has appealed.

"The first alleged error argued is a refusal to nonsuit upon the ground that the state of demand did not set forth a cause of action, because the contract contained a covenant that the roof of the building was to be thereafter agreed upon, from which it is argued that it was not a final agreement, but made in contemplation of a more definite arrangement and therefore not definite and certain. And cases are cited which hold that an agreement to be finally settled must comprise all the terms which the parties intended to be a part of the agreement, and if anything is left undetermined, so that the minds of the parties have not met, no contract exists.

"None of the cases cited are applicable, for here the minds of the parties did meet and the contract was carried out in part, the plaintiff having paid the entire consideration, and there was evidence that they subsequently agreed as to the character of the roof. There was no error in refusing to nonsuit.

"The next point urged is that the court improperly overruled questions put to a witness of the plaintiff on cross-examination. This witness was the husband of the plaintiff and acted as her agent in the negotiations leading up to the contract and signed her name for her. Five of these questions relate to negotiations preceding the signing of the contract, one of them being: '*Q.* Now, when that contract was signed you did not have any definite plans, you simply had a vague idea as to the size?' The contract itself gives the size in precise terms, and if this question had been answered in the affirmative, its effect would be to vary the written agreement; therefore it was properly excluded. All the defendant was bound to do was to put up the garage of the size and character which the contract required, and this applies to all of the questions overruled relating to the negotiations for, and interpretation of, the contract. The only other objection to ruling on admission of testimony was the overruling of this question: '*Q.* And you were not willing to pay $300 were you?' If the overruling of this question was error, it was

harmless because in answer to the next preceding question the witness denied that the defendant had ever asked him to pay $300 for the erection of a garage of different proportions. It appears that the plaintiff had a plan prepared and submitted it to the defendant and asked him what additional sum he would require to build such a garage, but the witness testified that the defendant never stated any amount.

"The next point is that the plaintiff abandoned the contract. This is based upon the fact that the plaintiff had a plan prepared by an architect for a garage of different dimensions than the one the contract called for, which he submitted to the defendant and said: 'If you will let me know how much more you will charge, I said, I would pay him the difference.'

"According to the testimony of the plaintiff no agreement was ever reached to build according to the new plan, the plaintiff constantly urging the defendant to build such a garage as his contract required, and that the defendant was told by the counsel of the plaintiff she would be satisfied if the defendant would build a portable garage in settlement of the suit. Under the testimony in the case the court was justified in finding that there was no abandonment of the contract, and therefore there was no error in refusing to direct for the defendant upon the ground that the contract was abandoned.

"The next point made is that there was no lawful evidence to support the judgment. The stipulation made in open court furnished the testimony upon which the trial court relied in assessing the damages. This agreement was, in order to dispense with the calling of experts, that it be assumed that the plaintiff had produced witnesses who testified that the cost of building the garage mentioned in the contract would be $500, and that the defendant produced witnesses who testified that the cost would be $290.75. The defendant assails this stipulation because it does not mention the names of the proposed witnesses.

"The criticism contained in the brief of the defendant on this point is: 'Upon this testimony the court determines the cost of the garage to be $500 without any evidence before it of the names of any particular experts who would so testify.'

"This is absurd, for the defendant stipulated to certain facts as if proven by witnesses, and the names of such witnesses is entirely immaterial. The stipulation was as to the facts proven *pro* and *con,* without any reservation as to the character or credibility of the witnesses. This disposes of all the questions raised except defendant's claim that the proof as to cost related entirely to stucco, no estimate appearing as to the cost if built of brick.

"The case was tried upon the theory that stucco should be used and no question was raised below that brick was cheaper.

"The expert testimony agreed to related entirely to stucco and defendant made no claim that such material was not the cheapest of the two provided for in the contract and it is now too late to raise it.

"The judgment will be affirmed, with costs."

For the respondent, *McDermott & Enright.*

For the appellant, *John H. Platoff.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS, TAYLOR, GARDNER, JJ. 10.

*For reversal*—None.